No. 20,394.

LAURA G. HARKNESS *v.* GILBERT H. HARKNESS.

(391 P. [2d] 674)

Decided April 27, 1964.

Messrs. STERLING & STERLING, for plaintiff in error.

Mr. EDWARD A. JERSIN, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

GILBERT HARKNESS brought an action in divorce against his wife, Laura, charging her with extreme and repeated acts of mental cruelty. By answer Laura denied

any cruelty on her part and a contested divorce proceeding ensued. After full hearing the trial court, sitting without a jury, adjudged Laura guilty of cruelty and awarded a decree in divorce to the husband, from which judgment and decree the wife has sued out this writ of error.

As the sole ground for reversal it is urged by Laura that there is not the "slightest scintilla" of evidence to support the court's finding of mental cruelty and the resulting judgment of divorce.

In passing upon the sufficiency of the evidence, it is noted that Gilbert upon trial testified to a general course of conduct on the part of his wife which he said caused him to become extremely nervous and upset and he cited several specific instances of such misconduct. There was also testimony by Gilbert to the effect that his wife's conduct aggravated a skin disease known as "psoriasis," from which he suffered. Without going into any detail, in all candor it simply cannot be said that there is not the "slightest scintilla" of evidence to support the husband's claim. Suffice it to say that we perceive ample evidence to support the finding and judgment of the trial court.

It should be noted that an experienced trial judge not only heard the testimony, but saw the witnesses and was able to observe their demeanor in the court room. It is fundamental that the trier of the facts must determine the credibility of the several witnesses and evaluate their testimony. The trial court having not only heard but seen the witnesses and based thereon having entered a decree of divorce in favor of the husband, we are disinclined to disturb its finding.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.